Judge Nicholas
delivered the Opinion of the Court.
Andrew Muldrow, in his life time, sold a tpact of land to Freeman, and gave his bond for a conveyance when ap j[,e purchase money should be paid. He received part of the purchase money himself; his executors reCeived another portion since his death, and there still rémains a part unpaid.
By a residuary clause in his will, he devised all his estate, real and personal, not specifically devised, to his son and o.nlv child, John A. Muldrow, who died after him, under full age, unmarried and childless,
The widow of Andrew, and mother of John A. Mul(]row survived them both ; but having since died, her ' ~ executors and devisees brought tiieir bill against the ex-ecu[0rs cf Andrew, and the heirs of John A. Muldrow, , ’ and Freeman — claiming the balance of the money due from Freeman, and praying that the heirs may be compelled to convey the title to the land to Freeman. The heirs resist the claim to the money ; deny that they are bound to convey, unless they are paid the full amount ^ t]ie (]ea(-h cf J0hn A. Muldrow, and pray a decree against the executors of Andrew, for what has bee» received since his death.
The vendor of land, is a trustee (pending the executory contract) of the legal title, for the vendee; who is, in turn, the trustee of the unpaid purchase money, for the vendor;- and if they, or either of them, dies, cven before the time for completing the com tract, the heirs and personal representatives oo cupy the samo' attitude.
The circuit court dismissed the bill of complainants; and ordered the executors of Andrew Muldrow to pay the heirs of John, the amount received since the death of Andrew.
At the lime of John A. Muldrow’s death, he had united in him, the legal title to the land and the equitable right to the balance of the purchase money when paid. The legal right to demand and receive the purchase money was, and still is, in the executors of his father. To a bill by Freeman, against him, as devisee of the legal title, the executors would have been indispensable parties, and the purchase money would have been decreed to them. It would have become personal assets in their hands, for the payment of debts, though they would have been bound to account'therefor, with him, as residuary legatee. At his death, the title devolved on his heirs ; and his claim, on the purchase money, through the executors of his father, devolved on his personal representatives. This shews conclusively, that his claim on the purchase money must, at his death, have constituted part of his personal estate, and was distributable according to the law governing the distribution of personalty. As his mother was his sole distributee, the ultimate right to the money must now rest with her executors, for t,he benefit of her residuary legatees. There can be no doubt that the executors of Andrew Muldrow could have compelled. John A. Muldrow, in his life time^ to convey the title to Freeman, so as to enable them to collect the balance of the purchase money, and his heirs can certainly stand in no better situation than he did.
Nothing can be better settled, than that after a contract for the sale of real estate, the vendor is to be deem.ed a trustee of the estate for the purchaser, and the vendee is a trustee of the purchase money for the vendor, and that the death of either, even before the time agreed on for the completion of the contract, does n,ot alter his relative attitude ; consequently, if the vendor die before payment of the purchase money, it will go to his executors, and form part of his personal assets. See authorities cited in Sugden on Vendors, 130.
No decree should be rendered, even in an amicable suit, unless all persons interested are parties. A want ofindispensable parties appearing, in such case, this court directs a dis-mission, unless they shall he made parties, in a reasonable time. •'
The view we have thus taken of the case, shews that the personal representatives of John A. Muldrow are indispensable parties, and the court would, therefore, have done right in dismissing the . bill, provided it had been without prejudice.
Though the case has been prepared as an amicable suit, for the puppose of obtaining the opinion of the court upon the ultimate rights ol the present litigants,; we have not felt at liberty to overlook so radical a defect of parties.
The decree must be reversed, with costs,.and cause remanded, with directions to dismiss the complainant’s bill, without prejudice, unless the personal representative of John A. Muldrow shall, in reasonable time, be-brought, before the court, and for such farther proceed" ings as may be consistent with this opinion.